2022 IL App (3d) 180357-B

Opinion filed March 9, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0357 Circuit No. 94-CF-382 |
| PHILIP JOHNSON, | ) ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Lytton and Schmidt concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        The defendant, Philip Johnson, appeals the second-stage dismissal of his successive

postconviction petition. The defendant argues that his constitutional rights were violated where he

received a *de facto* life sentence as a juvenile offender.

¶ 2                                    I. BACKGROUND

¶ 3        The defendant entered into a negotiated plea agreement to one count of second degree

murder (720 ILCS 5/9-2(a)(2) (West 1994)) for killing his father, James Johnson (James), and one

count of first degree murder (*id.* § 9-1(a)(1)) for killing his father's girlfriend, Frances Buck. In

exchange for the plea, the State agreed to recommend a total sentence of 110 years' imprisonment, which included consecutive terms of 90 years for first degree murder and 20 years for second degree murder. The factual basis for the plea provided that on July 20, 1994, the dead bodies of James and Buck were discovered in their bed by James's ex-wife. An autopsy revealed the cause of death for both victims to be gunshot wounds to their heads. During a police interview, the defendant admitted to killing his father and Buck, stating that, at the time of the murder, he was overcome by his father's physical and emotional abuse. The defendant went into his father's room while he slept and shot his father in the head with a .22-caliber, single shot rifle. Buck awoke from the sound of the shot, and the defendant shot Buck in the head because she saw him. He then left the residence and disposed of the gun. The defendant was 16 years old at the time.

¶ 4        At the plea hearing, the State advised the court that if the defendant proceeded to trial and was convicted on the original charges, the defendant would be sentenced to a mandatory sentence of natural life imprisonment without parole. However, the State then explained that under the charges he was pleading guilty to, the normal sentencing range for first degree murder would be 20 to 60 years' imprisonment, but the term would be extended to 100 years due to the brutal and heinous nature of the killing. For second degree murder, the State explained that defendant faced a range of 4 to 20 years' imprisonment. The court admonished the defendant, found the defendant's guilty plea knowingly and voluntarily made, found that a factual basis existed for the plea, and accepted the plea. Defense counsel waived evidence in mitigation and the preparation of a presentence investigation report. The State stated that the defendant did not have any prior criminal history. The court sentenced the defendant to the State's recommendation of 90 years' imprisonment for the first degree murder of Buck and a consecutive sentence of 20 years' imprisonment for the second degree murder of his father. The court stated that it found the

defendant eligible for the extended-term sentence for the murder of Buck due to the exceptionally brutal and heinous nature of the killing.

¶ 5    The defendant filed a postconviction petition in 1999, the denial of which was affirmed on appeal. *People v. Johnson*, No. 3-06-0868 (Feb. 29, 2008) (unpublished order under Illinois Supreme Court Rule 23). The defendant filed a motion for leave to file a successive postconviction petition in 2017, which is the subject of this appeal. The court granted leave and appointed counsel. Counsel amended the petition to allege the defendant's constitutional rights were violated under *Miller v. Alabama*, 567 U.S. 460 (2012), where he was sentenced to a *de facto* life sentence without consideration of his youth and attendant circumstances. The State filed a motion to dismiss the petition, arguing that *Miller* did not apply because the defendant did not receive a mandatory life sentence or a *de facto* life sentence but a discretionary sentence that the defendant agreed to and the court found appropriate. The court granted the motion and dismissed the petition, finding that the constitutional issues the defendant raised could not be established since he entered into a fully negotiated guilty plea. The defendant appealed.

¶ 6                                    II. ANALYSIS

¶ 7    On appeal, the defendant contends that the trial court erred when it dismissed his successive postconviction petition at the second stage of the proceedings because the *de facto* life sentence he received as part of his plea agreement is unconstitutional under the under the eighth amendment of the United States Constitution (U.S. Const., amend. VIII). Specifically, the defendant claims that the trial court failed to consider his youth and its attendant circumstances prior to accepting his plea and imposing the agreed-upon sentence, based on the United States Supreme Court's decision in *Miller*, 567 U.S. 460, and its progeny.

¶ 8    The majority opinion of this court originally found that the ordinary rule of law that a guilty plea waives all issues, including constitutional ones, did not apply in this case because it concerned a novel constitutional right that was not available to the defendant at the time he pled guilty. *People v. Johnson*, 2021 IL App (3d) 180357, ¶ 20, *vacated*, No. 127102 (Ill. Jan. 26, 2022) (supervisory order). We, thus, considered the merits of the defendant's *Miller* claim, finding that he was sentenced to a *de facto* life sentence and the court failed to consider his youth and its attendant characteristics. *Id.* ¶ 22. Pursuant to a supreme court supervisory order, this prior opinion was vacated, and we were directed to consider the effect of the supreme court's opinion in *People v. Jones*, 2021 IL 126432.

¶ 9    In *Jones*, the defendant was 16 years old in 1999 when he pled guilty to one count of first degree murder, one count of residential burglary, and two counts of armed robbery for breaking into the home of his great aunt and uncle and stabbing them multiple times. *Id.* ¶¶ 3-4. Pursuant to the plea agreement, the State dismissed the remaining charges, and he was sentenced to 50 years for murder, 30 years for each armed robbery count, and 15 years for residential burglary. *Id.* ¶ 4. Like in this case, the defendant raised a *Miller* argument in his successive postconviction petition. *Id.* ¶ 7. Our supreme court found that the defendant's "knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Id.* ¶ 26. Moreover, the court noted that a *Miller* claim requires the defendant to show that the *de facto* life sentence he received was not entered as a result of the trial court's use of its discretion. *Id.* ¶ 27. As the judge was not required to accept the plea agreement, the court found that the judge exercised discretion in accepting the plea and the *de facto* life sentence. *Id.* ¶¶ 27-28. The court thus found that *Miller* and its progeny were not applicable. *Id.* ¶ 29.

¶ 10 Here, we must follow the edict set forth by the supreme court in *Jones* and find that the defendant waived any *Miller* claim by pleading guilty. Further, the court was able to exercise its discretion in deciding whether to sentence the defendant to the sentence recommended by the State.

¶ 11 III. CONCLUSION

¶ 12 The judgment of the circuit court of Tazewell County is affirmed.

¶ 13 Affirmed.

**No. 3-18-0357**

| | |
|---|---|
| **Cite as:** | *People v. Johnson*, 2022 IL App (3d) 180357-B |
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell County, No. 94-CF-382; the Hon. Michael D. Risinger, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Stewart J. Umholtz, State's Attorney, of Pekin (Patrick Delfino, Thomas D. Arado, and Stephanie Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |